# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1485 | **DATE** | 3/7/2011 |
| **CASE TITLE** | Shekita Parker vs. Wal-Mart Stores, Inc. | | |

**DOCKET ENTRY TEXT**

For the reasons stated, Parker's Motion to Proceed *In Forma Pauperis* is granted.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

   Plaintiff Shekita Parker ("Parker") moves to proceed *in forma pauperis* without the full prepayment of filing fees. For the reasons stated below, Parker's Motion to Proceed *In Forma Pauperis* is granted.

   Parker's Complaint alleges employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, and a violation of the Family Medical Leave Act of 1993, 29 U.S.C. § 2601. Specifically, Parker alleges that her employer, Wal-Mart, discriminated against her because of her gender and because she was pregnant. Parker claims that Wal-Mart punished her for taking a leave at the beginning of her pregnancy and failed to reinstate her to a position after an approved maternity leave. Parker also alleges that Wal-Mart denied her a transfer from a Waukegan branch to a Chicago one. Parker was discharged on April 16, 2010.

   Pursuant to 28 U.S.C. § 1915(a), the Court may authorize Parker to proceed *in forma pauperis* if she is unable to pay the mandated court fees. Parker need not be penniless to proceed *in forma pauperis* under § 1915(a)(1). *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, she is eligible to proceed *in forma pauperis* if payment of the filing fee will prevent her from providing for life's necessities. *See id.* According to her financial affidavit, Parker is employed part-time at a rate of $8.25 per hour at Marshall's, and the number of hours that she works varies from week to week. Parker also receives $116 per week in unemployment assistance and Section 8 housing and food stamps. Parker is not married and lives with and supports two children—a four-year-old and a one-year-old. Parker does not own a home, car, or any other items of personal property worth over $1,000, nor does she have more than $200 in cash or in a checking or savings account. Based on these facts, Parker's financial affidavit sets forth her inability to pay the mandated court fees.

   The Court, however, must look beyond Parker's financial status. Section 1915 requires the Court to

| STATEMENT |
|---|
| review the claims of a plaintiff who seeks to proceed *in forma pauperis* and dismiss the action if it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if the plaintiff seeks damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003). Here, Parker alleges that her former employer, Wal-Mart, discriminated against her because of her sex and her pregnancy. Her claims were reviewed by the EEOC, which issued a Right to Sue Letter on December 7, 2010. Parker's filing of this case on March 3, 2011 timely followed the issuance of that letter. Her Complaint provides the Defendants with adequate notice of the charges and does not appear frivolous or otherwise meritless. Therefore, Parker's Complaint is properly before the Court.<br><br>    For the reasons stated, Parker's Motion to Proceed *In Forma Pauperis* is granted. |